<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4980**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TAMMY L. PAYTON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:12-cr-00111-1)

_____

Submitted:  April 4, 2013        Decided:  April 15, 2013

_____

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tammy L. Payton was convicted of failing to register as a sex offender in violation of 18 U.S.C.A. § 2250(a) (West Supp. 2012) and was sentenced to twelve months of imprisonment. She challenges her conviction on appeal arguing that the Attorney General's issuance of an interim rule and regulations, making the criminal provisions of the Sex Offender Registration and Notification Act ("SORNA") retroactive, violates the Administrative Procedures Act ("APA") because the regulations were issued without a notice and comment period as required under the APA. See 5 U.S.C. § 553(b)-(d) (2006).

Payton contends that the district court erred in denying her motion to dismiss the indictment on this basis. We review de novo the denial of a motion to dismiss the indictment, where the denial depends solely on questions of law. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009).

We note, as Payton concedes, that we have, in published authority, rejected similar Ex Post Facto, Commerce Clause, due process, and APA challenges to SORNA. See United States v. Gould, 568 F.3d 459 (4th Cir. 2009). A panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc may do that. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002). Finally,

2

we do not find that the Supreme Court's recent opinion in Reynolds v. United States, 132 S. Ct. 975 (2012), alters the validity of our opinion in Gould. Accordingly, we conclude that Payton's APA challenges to SORNA lack merit and we affirm her conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

AFFIRMED